## CHASE & CO. v. ROSENWALD.

(Supreme Court, Appellate Term.   November 29, 1907.)

SALES—CONTRACT—MODIFICATION—BREACH.

Defendant ordered 5,000 catalogues from B. for use for defendant's fall trade, under an agreement that they must be delivered early in April. One-half of said order was delivered about April 15th, and, the balance not arriving promptly, defendant canceled the contract, after which B. asked defendant to accept the balance, as they were worthless to plaintiff, and, if defendant could use them, to do so and pay for such as were used. The balance were delivered, but too late to be used. *Held* that, under the contract as modified, defendant was not liable for the catalogues not delivered in time.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 43, Sales, § 424.]

Appeal from Municipal Court, Borough of Manhattan, Third District.

Action by Chase & Co. against Max Rosenwald. From a Municipal Court judgment for plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and LEVENTRITT and ERLANGER, JJ.

Sturcke & Andrews, for appellant.
Brussel & Beebe, for respondent.

ERLANGER, J. The defendant appeals from a judgment rendered in favor of the plaintiff arising out of the following facts:

The defendant placed an order with one Boleniew for the manufacture and delivery of 5,000 booklets or catalogues containing prices and cuts of hats sold by the defendant. The price agreed upon for the whole lot was to be $192, of which the defendant paid to apply thereon $100. Boleniew testified that the delivery was to be made as soon as they could "be gotten out"; that he did not remember that any particular date for delivery was agreed upon, but his recollection was that no specific time was fixed. The plaintiff claims that the order was taken on April 13, 1905, and a part of the catalogues were delivered within a few days after that date. Boleniew also swore that after the first lot of catalogues was delivered he had a conversation with the defendant; but as to what that conversation was his memory is not clear, but he remembers that the defendant was objecting because there was a delay in the delivery of the catalogues. The president of the plaintiff, who was sworn, had no knowledge as to when the order was to be filled.

The defendant testifies that the order was given in March, and that the booklets were to be delivered in the first or second week in April; that he explained to the plaintiff's agent that the catalogues were for the fall trade, and that they must be delivered early in April; that some 2,500 were delivered at or about the 15th of April, which were sent out to the trade; that, the balance of the order not arriving, he telephoned to Boleniew, who from time to time promised delivery; that after a long delay, the books not arriving, he called Boleniew up by telephone and canceled the order; that Boleniew, after considerable discussion of the matter, asked him (defendant) to take the balance, as they were then all printed, and would be worthless to the plaintiff, and if he (defendant) could use them to do so, and if he did use any of them to pay him (plaintiff) such an amount as would be satisfactory to defendant. Subsequently the balance of the catalogues were delivered to the defendant under the last agreement, but too late to be used by him for the purposes for which they were ordered, and none were ever used. In this testimony the defendant was corroborated by one witness, who was at the time of the transaction a partner with the defendant.

The evidence of the defendant and his witness as to the last arrangement made with the plaintiff's agent was not disputed, and both are positive that the time the whole lot was to be delivered was not later than April 15th. It appears, therefore, that, although the defendant contracted to take and pay for the 5,000 booklets, it was upon condition that they be delivered at a certain specified time, which the plaintiff failed to do, except as to about 2,500 of them; that the plaintiff acknowledged his inability to fulfill the terms of the original contract,

and a new one with regard to the balance of the booklets was made. Under the new contract the plaintiff became entitled to pay for only such of the booklets as the defendant was able to use to reach his customers for the fall trade, which proved to be none. Upon the undisputed evidence given by the defendant, he should have had a judgment.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.